**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 18, 2009

Charles R. Fulbruge III
Clerk

No. 08-10182
Conference Calendar

ROOSEVELT CARTER

Plaintiff-Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CV-2059

Before HIGGINBOTHAM, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Roosevelt Carter, Texas prisoner # 1334740, appeals the district court's

dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim under 28

U.S.C. § 1915(e)(2)(B)(ii). Carter has filed a motion to proceed in forma pauperis

(IFP) on appeal, challenging the district court's certification, pursuant to *Baugh*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

*v. Taylor*, 117 F.3d 197, 199-202 (5th Cir. 1997), that his appeal was not taken in good faith.

Because Carter's brief does not address the reasons for the district court's certification decision or the basis of the district court's dismissal, it is the same as if the appellant had not appealed the judgment. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). The district court's certification that Carter's appeal is not taken in good faith is upheld, Carter's motion for IFP is denied, and this appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

Carter is hereby informed that the dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g), in addition to the strike for the district court's dismissal. *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). We caution Carter that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.